# United State District Court
# For the Middle District of North Carolina

24CV78

| | | |
|---|---|---|
| Wilbert A. Neal and Shenika Davis<br>per Neal Boyz Family Trucking LLC | ) | Case No. |
| Plaintiff, | ) | |
| -v- | ) | Jury Trial  (Yes)  No |
| | ) | |
| Darren Brewer<br>Known and Unknown Shareholders | ) | |
| Defendants. | | |

## Complaint for Civil Case

### I. The Parties to This Complaint

**A. This Plaintiff**

Here petitioning pro se. is Wilbert A. Neal and Shenika Davis residing at 1861 Andrew Farms Rd Whitsett, NC 27377.

Phone: 919.914.3538 (Mobile)

Email: anthonyneal502@gmail.com

B.  **The Defendants**

> Darren Brower and Known and Unknown Shareholders, Residing at 1540 International Pkwy STE 2000, Lake Mary, FL 32746 (Seminole County) Phone: (321) 286-5171

**Basis for Jurisdiction**

1. This Court enjoys subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(l) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. This Court enjoys venue under 28 U.S.C. § 1391(b)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims accrued within the State of North Carolina, including Defendants' publication and republication of the defamatory falsehoods in and from the district.

II. **Statement of Claim**

4. Plaintiff, Neal Boyz Family Trucking, LLC (hereinafter "Neal Boyz Family Trucking LLC" or "Plaintiff'), is a small Trucking Company operating under authority of the Federal Motor Carrier Safety Administration (FMCSA). We operate under the motor carrier (MC) number 908577 and Department of Transportation (DOT) number 2590486. We have been professional carriers for over 10 yrs.

5. Defendant, Darren Brewer, (hereinafter "Carrier 411" or "Defendant"), co-founded, and always, relevant was the CEO of Carrier 411, where he operated a third-party platform that keeps track of reviews and reputation scores for all carriers registered with the FMCSA; including the score of the Plaintiff from the year 2013 to current date.

6. Defendant is the owner of the defamatory statements against plaintiff that was used by Pepsi Logistics on May 15, 2023, to deprive plaintiff of a business opportunity of $700.00 with them. See exhibit A (Notice of Intent to Sue)

7. Defendant according to their website have more than 3,000 freight brokers and shippers that rely on their platform every day for carrier selection. See Carrier411.com

8. Defendant's defamatory statements that are maintained on its platform have cost plaintiff's company $106,126.00 with Pepsi Logistics and this amount is continuing to grow every day that passes. See Exhibit B

## III. CASE HISTORY

9. On Monday, May 15, 2023, Plaintiffs first learned of the defamatory statement that defendants maintained on their website about Plaintiff's company.

10. On Saturday, May 27, 2023, Plaintiffs sent their Letter of Intent to Sue/Cease and Desist letter to Defendants. However, Defendant's did not remove their defamatory statements of Plaintiff's company.

## IV. STATEMENT OF FACTS

11. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

12. Through and because of Neal Boyz Family Trucking, LLC accomplishments in a career spanning more than a decade, Neal Boyz Family Trucking, LLC has become well known to the public throughout the United States as a professional trucking company and has created for their self a unique public personality and image; and their image, likeness and public personality have become commercially valuable commodities.

13. Defendant's defamatory statements have wreaked havoc on Plaintiffs business and personal life. All our business and personal bills are at least 90 days pass due. Both owners prior to this defamatory statement had a personal credit score over 800. Now we barely have a score of 500. By the time plaintiffs found out the reason behind their decline in income. It was too late to even file a cease-and-desist letter because the cancerous effect of Defendant's defamatory statement had already set in on plaintiffs' life.

14. Defendant's defamatory statement has caused both owners to lose their life insurance policies with a total value of 2 million dollars. See Exhibit-C

15. Defendant's defamatory statement has wreaked havoc on Plaintiffs savings accounts. Both owners' savings accounts are zero or below zero. We have depleted the funds of two working capital loans. See Exhibit-D

16. Defendant's defamatory statements have caused Plaintiffs to be harassed by debt collectors since we have had a major decline in income based off Defendants assumption our "equipment hasn't had an inspection in over two years." See Exhibit-E

*Defendant's False and Defamatory Statements*

17. In or around October 2022, Plaintiffs (Neal Boyz Family Trucking, LLC) noticed that we (Plaintiffs: Neal Boyz Family Trucking, LLC) were losing customers that we have worked with repeatedly for almost 10 years.

18. In the beginning, brokers would say they couldn't use our Motor Carrier number (MC) but wouldn't say why. We didn't understand why because our safety score was perfect. We were never involved in any accidents or not compliant with the Federal Motor Carrier Safety Administration (FMCSA). We just didn't understand and the whole situation has put us under a lot of financial stress.

19. We would plead with the brokers and tell them that the FMCSA requires us to have our trucks inspected every year and that they also require us to inspect our trucks twice daily to make sure that our trucks are mechanically sound for commercial use.

20. However, in most of our pleas the broker would not do business with our company because of the report they were using. In a few situations the broker would talk to his or her manager to overcome the false report.

21. There have been numerous times where we spent most of the day trying to book loads that we were interested in, to no avail.

22. At some point, the brokers started telling us that they couldn't use us because we hadn't had a truck inspection in two years, but they would never tell us the source of this information.

23. The incident which made plaintiff aware of the author of this false report was on May 15, 2023, at 4:27 PM. The communication with Pepsi Logistics (broker) went as follows:

Anthony Neal: "What are the details for the above

Load"

Mathis, Joel: "PU 1700, DEL 5/16-FCFS 0600-1430

Weight 44032-water, Rate $700, 53 dry

Van swing doors, MC?"

Anthony Neal: "I can do it, but I want make it by 17:00.

MC#908577 I'm located in Columbia, SC"

Mathis, Joel: "What would your ETA be? Is your driver Empty?"

Anthony Neal: "18:30"

Mathis, Joel: "Can work in upon arrival until 21:00"

Anthony Neal: "Sounds good"

Mathis, Joel: "Let me know if that would work for you"

> Anthony Neal: "Yes, that will work."
>
> Mathis, Joel: "I can't use your MC due to 0 inspections.
>
> Showing on carrier411 unfortunately"

See exhibit-F

24. This false report has been a burden on our company for about 8 months now. It is about to end our existence as an outstanding business. Before this false report our company had zero debt and both owners had personal credit scores over 800. Now our debt has overtaken us since we are not able to book the loads that we use to book. In fact, we are almost to the point of Bankruptcy. See Exhibit-G

25. We are $621,604.67 in debt and this amount is increasing by the day. Even if these false and malicious assertions ended today, the impact would still last a lifetime and into the next generation.

***Evidence of Actual Malice***

26. Our company feels that Carrier 411 acts were ill will or reckless because when we tried to call them about the false reports, they simply hung up the phone and blocked our number to hinder us from any further communications.

27. When companies don't have an ability to contest the accuracy of information that is being used against them, this only heightens the malice of the record keeper.

28. Carrier 411's primary goal is to keep unsafe carriers off the roads, so they know that what they are doing is injuring carriers on a personal financial basis and business financial basis.

29. Owner operators are small companies. They usually have between 1-5 trucks, so they don't have big national accounts like the big trucking companies. Owner operators do a lot of commingling just to survive.

30. However, the surprising part of Carrier 411's efforts to determine which carriers are safe and which carriers are unsafe is based on no authority. Congress has not given this company authority nor has the Federal Motor Carrier Safety Administration (FMCSA) given them authority to regulate anything in interstate commerce or the transportation industry. They operate solely on a monthly subscription basis with the FMCSA.

31. They have no right to go around defaming our company by posting on the internet or telling other companies not to do business with our company because we "haven't had a vehicle inspection in over two years." We follow the FMCSA. They tell us to have our equipment inspected once a year by certified State Officials and we have proof that we do. See Exhibit-H

32. The FMCSA requires us to inspect our equipment twice a day by solo drivers and we have proof that we do, so Carrier 411 has no right to call our company unsafe. See Exhibit-I

33. Our company are experts in safety. We have been in business for about 10 years and have never injured other drivers traveling on roadways or put other drivers in danger due to faulty equipment or anything deemed "unsafe".

34. Carrier 411 has never personally interacted with Neal Boyz Family Trucking LLC to assimilate a fact that we are an unsafe carrier.

### *Evidence of Effect*

35. Defendant's defamatory statements above have been reported, republished, repeated, and/or re-broadcast throughout the United States and worldwide, via social media, blogs, and other media, and continue to be republished, repeated, and re-broadcast.

36. Since the Defendant's statement was published, Plaintiff has suffered documented losses of business and personal opportunities. See Exhibit-J

## V. Relief

37. Plaintiff appeals for relief as follows...

## COUNT ONE

### DEFAMATION PER SE

38. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

39. Defendant knew, anticipated, foresaw, and intended that their statements, with actual malice, made either with knowledge that they were false, or with reckless disregard of whether they were false or not, would be read by persons throughout the United States and the world and would damage the personal and professional reputation of the Plaintiff.

40. The Defendant's statements here have adversely affected the Plaintiff's business and profession and personal life, including but not limited to his financial credibility, financial freedom, sustainable income, and social and romantic life, and caused psychological and emotional trauma and suffering which is continuing.

## COUNT TWO

### DEFAMATION PER QOUD

41. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

42. Defendant's statements referred to herein have caused, are causing, and will cause the Plaintiff to suffer injury to his professional standing, to his reputation, and good name; and Defendant's statements have held and will continue to hold the Plaintiff's business and personal life up to public ridicule.

43. Defendant's statements of and concerning Neal Boyz Family Trucking LLC were made with actual malice, made either with knowledge that they were false, or with reckless disregard of whether they were false or not, calculated to expose the Plaintiff to public boycott.

44. By such published statements, Defendant did injure the Plaintiff's reputation within his business and personal life. The publication of the statements proximately caused general and special damages to the Plaintiff, adversely impacted the Plaintiff's business credibility and professional standing, and opportunities for future income, and caused the Plaintiff emotional and psychological trauma and suffering which is continuing.

## COUNT THREE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

46. At all times herein, Defendant acted intentionally and unreasonably in publishing and republishing false statements, maliciously, with hate, spite, or ill will toward Plaintiff, or with such reckless disregard of whether they were false or not, when Defendant knew or should have known that the Plaintiffs emotional distress would likely result.

47. Notwithstanding the Plaintiffs requests that Defendant cease and desist immediately from their publishing of those statements, Defendant failed and refused to do so.

48. Defendant's conduct was intentional and malicious, and done for the purpose of causing, or was known by Defendant to likely cause the Plaintiff humiliation and embarrassment, mental anguish, damage to his reputation and career, and severe emotional distress, and was done with wanton and reckless disregard for the consequences to the Plaintiff.

49. As a proximate result of the aforementioned wrongful conduct, the Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial emotional distress, anxiety, and worry.

50. Unless and until enjoined and restrained by order of this Court, Defendant's continued acts will cause the Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, the Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the publication and republication of the false and defamatory publications herein described.

# COUNT FOUR

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiff adopts, re-alleges, and incorporates by reference all allegations of the foregoing Paragraphs, as if they were set forth in full herein and further alleges the following matters.

52. At all times herein, Defendant acted negligently and unreasonably in its publishing. In so doing, Defendant acted beyond reasonable bounds of decency, and negligently inflicted emotional distress upon the Plaintiff.

53. Notwithstanding the Plaintiffs requests that Defendant cease and desist immediately from their publishing of those statements, Defendant failed and refused to do so.

54. Defendant's conduct was negligent, and proximately caused the Plaintiff to suffer substantial humiliation and embarrassment, mental anguish, damage to his reputation and career, and severe emotional distress, and was done with wanton and reckless disregard for the consequences to the Plaintiff.

55. As a proximate result of the aforementioned wrongful conduct, the Plaintiff has suffered substantial monetary damages, including damages to his personal and professional reputation and career, and substantial emotional distress, anxiety, and worry.

56. Unless and until enjoined and restrained by order of this Court, Defendant's continued acts will cause the Plaintiff severe and irreparable injury which cannot adequately be compensated by monetary damages. By reason of the foregoing, the Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the publication and republication of the false and defamatory publications herein described.

WHEREFORE, on the preceding basis, the Plaintiff, Neal Boyz Family Trucking LLC, respectfully prays that the Court:

A. Assume jurisdiction of this case:

B. For Count I, enter a judgment in favor of the Plaintiff and against Defendant for compensatory damages in the amount of Two Million Dollars ($2,000,000) for each owner of Neal Boyz Family Trucking LLC, punitive damages in the amount of Two Million Dollars ($2,000,000) for each owner of Neal Boyz Family Trucking LLC, plus both pre-judgment and post-judgment interest, the costs of this action, and for such other and further relief as this Court finds just and equitable;

C. For Count I, enter a judgment in favor of the Plaintiff and against Defendant for compensatory damages in an amount in excess of two million dollars (2,000,000.00 $for the actual lost of their life insurance policy, plus both pre-judgment and post-judgment interest, the costs of this action, and for such other and further relief as this Court finds just and equitable;

D. For Count II, enter a judgment in favor of the Plaintiff and against Defendant for compensatory damages in the amount of Two Million Dollars ($2,000,000) for each owner of Neal Boyz Family Trucking LLC, punitive damages in the amount of Two Million Dollars ($2,000,000) for each owner of Neal Boyz Family Trucking LLC, plus both pre-judgment and post-judgment interest, the costs of this action, and for such other and further relief as this Court finds just and equitable;

E. For Count III, enter a judgment in favor of the Plaintiff and against Defendant for compensatory damages in an amount in excess of Two Hundred Thousand Dollars ($200,000) for each owner of Neal Boyz Family Trucking LLC, and for punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000) for each owner of Neal Boyz Family Trucking LLC, plus both pre-judgment and post-judgment interest, the costs of this action, and for such other and further relief as this Court finds just and equitable;

F. For Count IV, enter a judgment in favor of the Plaintiff and against Defendant for compensatory damages in an amount in excess of One Hundred Thousand Dollars ($200,000) for each owner of Neal Boyz Family Trucking LLC, and for punitive damages in an amount in excess of Two Hundred Thousand Dollars ($200,000) for each owner of Neal Boyz Family Trucking LLC, plus both pre-judgment and post-judgment interest, the costs of this action, and for such other and further relief as this Court finds just and equitable;

G. And for any or all Counts enter a judgment for preliminary and permanent injunction against Defendant and all persons acting under their control, from all activity that would cause the publication and republication of the false and defamatory statements, in any and all formats, including all electronic and physical media.

The Plaintiff hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### 1. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers Office may result in the dismissal of my complaint.

I declare under penalty of perjury that the foregoing is true and correct.

## CONCLUSION

Based on the forgoing, summary judgment should be granted in favor of the Plaintiff.

Respectfully submitted,

*Wilbert G. Neal* pro. se
Wilbert A. Neal, pro se.
Per Neal Boyz Family Trucking, LLC
1861 Andrew Farms Rd
Whitsett, NC 27377
Telephone: 919.914.3538


*Shenika D.* pro. se
Shenika J. Davis, pro se.
Per Neal Boyz Family Trucking, LLC
1861 Andrew Farms Rd
Whitsett, NC 27377
Telephone: 919.914.3538


January 30, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing defamation compliant has been hand delivered to the United States District Court Clerk's office for the Middle District of North Carolina on January ___, 2024 and this complaint will be served on the defendants by electing the service of the United States Marshals. I further certify that I provided the listed below address for the defendants to be served at:

>Darren Brower and Known and Unknown Shareholders,
>Residing at 1540 International Pkwy STE 2000, Lake Mary, FL 32746 (Seminole County) Phone: (321) 286-5171

Respectfully submitted,

_Wilbert A. Neal_ pro. se.
Wilbert A. Neal, pro se.
Per Neal Boyz Family Trucking, LLC
1861 Andrew Farms Rd
Whitsett, NC 27377
Telephone: 919.914.3538

_Shenika D._ pro. se.
Shenika J. Davis, pro se.
Per Neal Boyz Family Trucking, LLC
1861 Andrew Farms Rd
Whitsett, NC 27377
Telephone: 919.914.3538

January 31, 2024