IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NEAL BOYZ FAMILY TRUCKING, LLC, WILBERT A. NEAL, and SHENIKA DAVIS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:24-CV-78 ) |
| DARREN BREWER and CARRIER411 SERVICES, INC.,[1] | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

This is a defamation case concerning allegations that Defendants posted false data about Plaintiffs' trucking business on Defendants' internet website. Before the court are the motions to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(6), by Defendants Darren Brewer and Carrier411 Services, Inc. ("Carrier411"). (Docs. 7, 8.) For the reasons set forth below, the Rule 12(b)(2) motions will be granted, and the Rule 12(b)(6) motions will be denied as moot.

I. BACKGROUND

Plaintiffs filed this action in January 2024. (Doc. 1.) On May 9, 2024, the court stayed it for sixty days to allow Neal Boyz Family Trucking, LLC ("Neal Boyz") sufficient time to have retained

---

[1] The complaint sometimes references Defendant Brewer as Brower.

counsel make an appearance because, under this court's Local Rule 11.1(a), a "corporation or other entity may appear only through an attorney."  (Doc. 15.)  The court warned Plaintiffs that if no counsel appeared by the end of the stay period, any of the complaint's claims by Neal Boyz would be dismissed without prejudice.  (Id.)  The stay expired on July 9, 2024, and Neal Boyz has not had counsel appear in the case.  Accordingly, any claims by Neal Boyz will be dismissed without prejudice.  Hereinafter, the court will refer to Plaintiffs Wilbert A. Neal and Shenika Davis collectively as "Plaintiffs," to the exclusion of Neal Boyz.

Plaintiffs have not responded in opposition to the motions to dismiss, which were filed March 14, 2024.  The court issued Plaintiffs a Roseboro letter[2] on March 14, 2024, advising them of their right to respond and warning that a failure to do so may cause the court "to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." (Doc. 9 at 1.)  The court also warned that in the absence of any opposition filed, "it is likely your case will be dismissed." (Id.)  Even if the court generously paused the time to respond upon Plaintiffs' motion to stay on April 1, 2024 (Doc. 12), which the court did not grant until May 9, 2024 (Doc. 15), the twenty-one days to respond has now expired.  L.R. 7.3(f).

---

[2] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

Plaintiffs appear pro se, and their pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se party's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). See also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers").

As a preliminary matter, Plaintiffs have inconsistently named the Defendants in their filings. The complaint caption lists "Darren Brewer" and "Known and Unknown Shareholders." (Doc. 1 at 1.) Paragraph 5 describes the Defendant as "Darren Brewer, (hereinafter 'Carrier 411' or 'Defendant')." (Id. ¶ 5.) The summons lists the Defendant as "Carrier411 Servic[e] Inc. (Darren Brewer)" in the caption and only "Darren Brewer" in the salutation. (Doc. 4.) A number of allegations in the complaint are directed at Carrier411, and both Brewer and Carrier411 have filed motions to dismiss "in an abundance of caution." (Doc. 11 at 1 n.1.) Despite Plaintiffs' inconsistency, the court will address the motions of both Defendants.

The allegations in the complaint (Doc. 1), which the court

3

accepts as true for the purpose of these motions, show the following:

Plaintiffs operate Neal Boyz, which is a small trucking company operating under the authority of the Federal Motor Carrier Safety Administration ("FMCSA"). (Id ¶ 4.) Plaintiffs are residents of Whitsett, North Carolina. (Id. at 1.) Defendant Darren Brewer is the chief executive officer of Defendant Carrier411, which operates an internet platform that tracks reviews and reputation scores of all carriers registered with the FMCSA. (Id. ¶ 5.)

Plaintiffs allege that they have never been involved in any accidents and have been compliant with FMCSA rules requiring annual inspections. (Id. ¶ 18.) Despite this, they allege that they lost business opportunities to truck goods because Carrier411 reported data online showing that they had no inspections in the previous two years. (Id. ¶ 22.) They allege that Carrier411's acts were conducted with "ill will" or were "reckless" because a Carrier411 employee hung up the phone or blocked their number when Plaintiffs called to inquire about the report. (Id. ¶ 26.)

Based on these allegations, Plaintiffs plead four counts: (1) defamation per se; (2) defamation per quod; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. (Id. ¶¶ 38-56.) They seek damages and injunctive relief. (Id. at 8-9.) Defendants moved to dismiss on

4

March 13, 2024.  (Docs. 7, 8.)  The motions are ready for resolution.

**II. ANALYSIS**

Defendants seek dismissal pursuant to Rules 12(b)(2) and (b)(6), for lack of personal jurisdiction and failure to state a claim, respectively.  Because the court finds that it may not exercise personal jurisdiction over them in this action, it need not reach the Rule 12(b)(6) motions.

**A.  Standard of Review**

"When a federal court sits in diversity, it 'has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process.'"  Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 188 (4th Cir. 2016) (quoting Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993)).  North Carolina's long-arm statute "is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause."  Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001) (citing Century Data Sys., Inc. v. McDonald, 428 S.E.2d 190, 191 (N.C. Ct. App. 1993)).  "Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend

5

"traditional notions of fair play and substantial justice."'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

There are two kinds of personal jurisdiction: general and specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at 924.

Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. 351, 359 (2021). The three requirements for specific personal jurisdiction are "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 352 (4th Cir. 2020) (internal quotation marks omitted).

First, for the purposeful availment inquiry, courts will assess whether the defendant has certain "minimum contacts" with the forum. Ford Motor Co., 592 U.S. at 359 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The contacts must show "the defendant deliberately 'reached out beyond' its home —

6

by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." Id. (quoting Walden v. Fiore, 571 U.S. 277, 285 (2014)); see also id. at 360 (discussing requirement that defendant fairly have "clear notice" that it could be haled into court for its conduct and collecting cases).

As the Supreme Court explained in International Shoe:

> [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

Int'l Shoe Co., 326 U.S. at 319. "[W]ith respect to interstate contractual obligations, [the Supreme Court] ha[s] emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp., 471 U.S. at 473 (quoting Travelers Health Assn. v. Virginia, 339 U.S. 643, 647 (1950)). "[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, [] physical entry into the State — either by the defendant in person or through an agent, goods, mail, or some other means — is certainly a relevant contact." Walden, 571 U.S. at 285 (internal citations omitted). By contrast,

7

"random, isolated, or fortuitous" contacts, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984), or the "unilateral activity of another party or a third person," Hanson v. Denckla, 357 U.S. 235, 253 (1958), do not give rise to personal jurisdiction.

Second, a plaintiff's claim must "must arise out of or relate to the defendant's contacts with the forum." Ford Motor Co., 592 U.S. at 359 (internal quotation marks omitted). While this means there must be an "affiliation" or a "relationship" between the contacts and the controversy, the Supreme Court has clarified that the plaintiff need not show that its claim "came about because of the defendant's in-state conduct." Id. at 361-63 (emphasis added) (rejecting "causation-only approach").

Third, the court must inquire into whether the exercise of personal jurisdiction would be "constitutionally reasonable." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 279 (4th Cir. 2009). Relevant to this inquiry are "(1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies." Id. (citing Burger King Corp., 471 U.S. at 477).

"Under Rule 12(b)(2), a defendant must affirmatively raise a

8

personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." Grayson v. Anderson, 816 F.3d 262, 267 (4th Cir. 2016). A plaintiff's burden varies "according to the posture of a case and the evidence that has been presented to the court." Id. at 268. Where a court relies on "only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Id. In this posture, the court "must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." Id.

### B. Defendants' Rule 12(b)(2) Motions

Brewer and Carrier411 argue first that general jurisdiction cannot apply because they are not essentially at home in the forum. (Doc. 10 at 3; Doc. 11 at 6.) They are correct, as the complaint does not allege that Brewer is domiciled in North Carolina or that Carrier411 is incorporated or has its principal place of business in the state. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).

As to specific jurisdiction, Brewer argues that he has not purposefully availed himself of the privilege of conducting activities within North Carolina. (Doc. 10 at 8.) He contends that his "only tie" to the state is that his business, Carrier411,

9

republished data from the FMCSA that was accessed in North Carolina by a third-party. (Id.) Moreover, he contends that contacts of his business cannot be imputed to him. (Id. at 9.)

While a corporate officer is not "immune" from jurisdiction where his putative contacts with the forum state were made on behalf of his corporate entity, "the contacts of a company are not attributed to a corporate agent for jurisdictional purposes." ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 177 (4th Cir. 2002) (citing Calder v. Jones, 465 U.S. 783, 790 (1984)). Here, the complaint is devoid of any allegation that Brewer took any action whatsoever, let alone any directed at North Carolina. Plaintiffs haphazardly vacillate between using "Defendant" and "Carrier411," but they never attribute any activity to Brewer himself. See Bryant v. Core Contents Restoration, LLC, No. 7:20-CV-40, 2021 WL 1207719, at *11 (E.D.N.C. Mar. 30, 2021) (rejecting attempt at group pleading against defendants). Accordingly, the court may not exercise personal jurisdiction over Brewer for Plaintiffs' claims against him.

Carrier411 also contends that the court lacks personal jurisdiction for the claims against it for similar reasons — namely, that its website does not create sufficient contacts with North Carolina to satisfy the purposeful availment prong. (Doc. 11 at 9-12.) In Fidrych, the Fourth Circuit reaffirmed its adoption of the "sliding scale" approach for internet contacts as

set out in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997). Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 141 (4th Cir. 2020) (citing ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 713-14 (4th Cir. 2002)). Under the Zippo approach, a "passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." Id. (quoting Zippo, 952 F. Supp. at 1124). Clear-cut instances of purposeful availment are where the defendant enters into long-term contracts with forum residents "that involve the knowing and repeated transmission of computer files over the Internet." Id. (quoting Zippo, 952 F. Supp. at 1124). In the middle ground where the user "can exchange information with the host computer," closer review of the "level of interactivity and commercial nature of the exchange" is required. Id. (quoting Zippo, 952 F. Supp. at 1124).

In Fidrych, the court analyzed whether Marriott's mere operation of a website accessible to South Carolina residents to book reservations for its hotels was sufficient to constitute purposeful availment. For this "middle ground" case, the court reasoned that the level of interactivity between the user and the website is hardly dispositive given that "on today's internet, it is an extraordinarily rare website that is *not* interactive at some level." Fidrych, 952 F.3d at 141-42, 141 n.5 (internal quotation marks and brackets omitted) (emphasis in original). Instead, the

11

court must evaluate whether the defendant "(1) *directs* electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." Id. at 142 (quoting ALS Scan, 293 F.3d at 714) (emphasis in original).

Plaintiffs' only allegation of Carrier411's contacts with the forum state is its operation of a website and third-parties' access to it (Doc. 1 ¶¶ 5, 7), but they fail to allege how the website operates in any detail. Carrier411 has filed its terms of service with its motion to dismiss. (Doc. 11-2.) The terms show that Carrier411 posts data provided to it by the FMCSA and that users may access this data via a "subscription." (Id. at 1-2; Doc. 11 at 14 (Carrier411 representing that it "operates a subscription-based website").) This is not inconsistent with the allegations in the complaint.

Even were the court to assume that there is enough interactivity between Carrier411's website and its users such that the website is in the "middle ground," rather than the passive side, of the Zippo spectrum, Plaintiffs fail to demonstrate a sufficient jurisdictional link. To be sure, a subscription website may create a somewhat durable interaction between a user and the website — i.e., one more interactive than the "one-off" booking in Fidrych. Fidrych, 952 F.3d at 142. However, the level of

12

interaction is limited to users paying to access data reports from the FMCSA that Carrier411 merely posts on its website. Moreover, as the Fourth Circuit admonished, the court must not "attach too much significance on the mere fact of interactivity" lest it lose sight of the core *purposeful* availment inquiry. Id. (focusing on extent to which Marriott *directed* activities at the forum).

As to this inquiry, Plaintiffs have not alleged any fact to even permit the inference that Carrier411 directs electronic activity into North Carolina. They do not allege how many of Carrier411's subscribers are North Carolina residents. Young v. New Haven Advoc., 315 F.3d 256, 259-60 (4th Cir. 2002) (considering number of subscribers in the forum). They also do not allege that the website has any North Carolina-focused features. Fidrych, 952 F.3d at 142-43 (considering presence of South Carolina on drop-down menu of Marriott website). And they do not allege that Carrier411 knew that Plaintiffs were North Carolina residents when it posted the FMCSA data, or that North Carolina was the "focal point" of the data. Calder v. Jones, 465 U.S. 783, 789 (1984) (in libel case, considering whether the "brunt" of the injury would be felt in the forum); Young, 315 F.3d at 263 ("The newspapers must, through the Internet postings, manifest an intent to target and focus on Virginia readers.").

As in Fidrych, Carrier411's contacts with North Carolina are simply "too tenuous and too insubstantial to constitutionally

13

permit the exercise of specific jurisdiction" over it. <u>Fidrych</u>, 952 F.3d at 143. Defendants' motions to dismiss for lack of personal jurisdiction will therefore be granted.

### III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Defendants' motions to dismiss (Docs. 7, 8) are GRANTED as to lack of personal jurisdiction and are DENIED AS MOOT as to Plaintiffs' failure to state a claim upon which relief can be granted. Accordingly, the complaint is DISMISSED WITHOUT PREJUDICE.

/s/ Thomas D. Schroeder<br>United States District Judge

July 18, 2024